GlEEEN, J,
Prom the agreed statement of facts it appears that the Pape Brothers Moulding Co. is a corporation duly organized under the laws of the state of Ohio. That on the second Tuesday of August 1899, at the regular annual meeting of the stockholders of said company there was represensted, either in person or by proxy, 1,279 shares, being all the shares, issued except two. At said meeting an election for nine directors was duly held. Certain stockholders representing 624 shares cumulated the same by giving their votes to five candidates only, and other stockholders representing 655 shares voted the same for nine candidates,
*351 None of the candidates for whom the 624 shares wer® voted cumulatively received less than 1,121 votes, and none of the nine other candidates received more than 656 votes. After the announcement of the vote by the tellers, motion was made and duly seconded to the effect that, as certain stockholders had cast their shares of stock cumulatively, all such votes be thrown out, and that those persons who had received a majority of the shares of stock of said corporation, be declared to be the directors for the ensuing year, which motion was, by the president, declared to be carried, against the protest of-the stockholders representing the 624 shares. Thereupon the president announced that the nine persons who hid received the vote of said 655 shares, which was a majority of the shares of said corporation, were duly elected as directors for the ensuing year, and the latter qualified and are now in possession as such directors.
This action is brought to oust from the management and control of the business of said corporation the five persons reviving the lowest number ofvotes, to-wit, 655 votes each; and to restore to such management and control the five persons receiving 1,121 or more votes each.
Section 3245, Revised Statutes, as amended April 23, 1898 (93 O. L., 230), is as follows:.
“At the time and place appointed, directors shall be chosen, by ballot, by the stockholders who attend for that purpose, either in person or hy lawful proxies; at such election and at all other elections of directors, every stockholder shall have the right to vote in person or by proxy the number of shares owned by him for as many persons as there are directors to be elected, or to cumulate said shares, and give one candidate as many votes as the number of directors multiplied by the number of his shares of stock shall equal, or to distribute them on the same principle among as many candidates as he may think fit; and such directors shall not be elected in any other manner. A majority of the number of shares shall be necessary for a choice, but no person shall vote on any share on which any installment is due and unpaid. At such first election the subscribers of the articles of incorporation, or any of them as may be present, shall be inspectors of such election, and shall certify what persons are elected directors, and shall appoint *352 tike time and place for holding their first meeting.”
Before this section was so amended the supreme court, in construing it, held that it did not authorize cumulative voting, but at the same time clearly recognized the right of the legislature to so provide. State ex rel. v. Stockley, 45 Ohio St., 804.
The stockholder now has the option of voting his shares for as many person as there are directors to be elected, or be may cumulate the shares for as many less as he prefers. There is nothing unfair or unjust to the majority in such a provision, because if they exercise the privilege granted, they will always have control of the board of directors, although the minority may, by a skillful distribution of their votes, have a fair representation thereon, and it is probable the legislature had this latter class in view when the section was amended.
The difficulty arises in the next provision of the section, to-wit: “A majority of the number of shares shall be necessary for a choice.”
We are of the opinion that the word, “shares,” in this connection means “shares a3 voted. ” A stockholder who owns one share, and casts a vote for each of nine candidates, votes as if he had nine shares; so also does he vote if he casts nine for one candidate. Under the former case, in determining who is chosen, each vote is counted as one share in favor of every candidate; while under the latter case nine votes are counted as nine shares in favor of one candidate, The section distinctly provides for both of these modes of voting, and the words, “shares” and “votes,” are there used in the same sense. By adopting this construction, we arrive at the true intention of the legislature, otherwise we attribute to it an effort to do a vain thing.
The president of the corporation was therefore, not authorized by law to entertain the motion to throw out the cumulative votes and declare the defendants duly elected; nor does this holding conflict with article nine of the bylaws of the company.
It is urged, however, that under section 6776, Revised Statutes, “the court may order a new election to be held.” This power is discretionary, and there is nothing in this case which seems to require its exercise.
fj Jacob Schroder and Fred. Hertenstein, for the Relators; Burton P. Hollister, H. D. Peck and C. W. Shaw, contra.
Judgment of ouster against the defendants, and of induction in favor of the five candidates receiving 1,121 votes or more.